UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNA LIND ROOKS,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 2:15-cv-01463-MJP-KLS

REPORT AND RECOMMENDATION

Noted for March 18, 2016

Plaintiff has brought this matter for judicial review of defendant's denial in part of her applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). After reviewing the parties' briefs and the remaining record, the undersigned recommends that for the reasons set forth below the Court reverse defendant's denial and remand this matter for an award of benefits.

FACTUAL AND PROCEDURAL HISTORY

On October 22, 2012, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning March 1, 2011. Dkt. 9, Administrative Record ("AR") 22. Both applications were denied upon initial administrative review on December 12, 2012, and on reconsideration on March 5, 2013.

REPORT AND RECOMMENDATION - 1

1    *Id.* On January 15, 2014, plaintiff, represented by counsel, appeared at a hearing held before an

2    administrative law judge (ALJ) and testified, as did a vocational expert. AR 40-75.

3          In a decision dated February 28, 2014, the ALJ determined that plaintiff was disabled

4    from March 1, 2011, through July 31, 2013, but that her disability ended August 1, 2013, due to

5    medical improvement related to her ability to work. AR 22-34. Specifically, the ALJ determined

6    that as of August 1, 2013, plaintiff had the residual functional capacity (RFC) to perform her past

7    relevant work. AR 32-34. On July 24, 2015, the Appeals Council denied plaintiff's request for

8    review of the ALJ's decision, making that decision the final decision of the Commissioner. AR

9    1; 20 C.F.R. § 404.981, § 416.1481. On September 21, 2015, plaintiff filed a complaint in this

10   Court seeking judicial review of the Commissioner's final decision. Dkt. 3. The administrative

11   record was filed with the Court on December 4, 2015. Dkt. 9. The parties have completed their

12   briefing, and thus this matter is now ripe for the Court's review.

13         Plaintiff argues defendant's decision to find her no longer disabled as of August 1, 2013,

14   should be reversed and remanded for an award of benefits continuing beyond July 31, 2013,

15   because the ALJ erred: (1) in finding plaintiff's medical condition had improved; (2) in

16   discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; and (4)

17   in finding plaintiff to be capable of performing to her past relevant work. For the reasons set

18   forth below, the undersigned agrees the ALJ erred as alleged, and thus in determining plaintiff

19   was no longer disabled as of August 1, 2013. Also for the reasons set forth below, the

20   undersigned recommends that defendant's decision be reversed and that this matter be remanded

21   for an award of benefits continuing beyond July 31, 2013.

22                                    <u>DISCUSSION</u>

23         The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.     The ALJ's Determination of Medical Improvement

As noted above, the ALJ found plaintiff's condition had medically improved as of August 1, 2013. AR 31. "Medical improvement is any decrease in the medical severity of" [a claimant's] impairment(s), which was present at the time of the most recent favorable medical decision that [the claimant  was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1), § 416.994(b)(1). The ALJ also found plaintiff's medical improvement was related to her ability to work, because there had been an increase in her RFC beginning August 1, 2013, as well. AR 32. Medical improvement is related to a claimant's ability to work if there also has been "an increase in [the claimant's] functional capacity to do basic work activities." 20 C.F.R. § 404.1594(b)(3), § 416.994(b)(3); *see also* 20 C.F.R. § 404.1594(b)(4)(i), § 416.994(b)(4)(i).

"A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1), § 416.994(b)(1). The ALJ found that on August 1, 2013, and thereafter, treatment notes indicated plaintiff's mental health symptoms had progressively improved. AR 32. As plaintiff points out, however, although those notes do indicate normal functioning and/or improvement for an approximately two-month period (AR 420-31, 489-90), so do many of the treatment notes from the several months to one year period prior to August 1, 2013 (AR 337, 340, 349, 362, 364-65, 372, 392, 399-400, 435, 438-39, 443, 445-46, 448, 450, 453-55, 457-58, 460, 582, 584). Further, beginning in late September 2013, worsening symptoms were observed and plaintiff was specifically noted to have taken a "Step Backward." AR 414, 419, 425, 427, *524, 526*. That is, the medical evidence in the record does not definitively show plaintiff's medical severity improved, let alone that it did so consistently or for a significant period of time either before or after August 1, 2013.

REPORT AND RECOMMENDATION - 4

Nor does the record show that even if the ALJ is correct that the medical severity of plaintiff's condition had improved as of that date, such improvement was accompanied by an increase in plaintiff's ability to do basic work activities. The RFC with which the ALJ assessed plaintiff was the same for the period prior to August 1, 2013, and the period thereafter, except that prior to August 1, 2013, plaintiff would be tardy, leave early or be gone from breaks too long, up to 20 percent of the time. AR 27, 32. As plaintiff points out, however, the only opinion evidence in the record that addresses the period after August 1, 2013, is from her primary care provider, Anne Herbert, PAC, who in early January 2014, opined that despite having been under her care for nearly one year and being treatment compliant, plaintiff's "condition, especially her depression, ha[d] worsened." AR 628. Ms. Herbert also opined that there was "no reason at this time to assume that her ability to concentrate and to maintain a regular work schedule ha[d] changed for the better." *Id.*

The ALJ rejected Ms. Herbert's opinion on the basis that it was "inconsistent with the overall medical evidence of record," that treatment notes demonstrated "improvement in symptoms," and that mental status examination findings were "mostly within normal limits." AR 33. An ALJ need not accept a medical opinion if it is " inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). As discussed above, however, the treatment notes and mental status examination findings in the record do not definitively show plaintiff's medical severity improved as of August 1, 2013, or that if it did such improvement was accompanied by an improvement in her ability to do basic work activities. The undersigned therefore agrees with plaintiff that the ALJ erred in finding otherwise here.

REPORT AND RECOMMENDATION - 5

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Here, the ALJ offered two reasons for finding plaintiff's statements concerning her

REPORT AND RECOMMENDATION - 6

subjective complaints to be not entirely credible. First, the ALJ found that despite her allegations

of disabling symptoms of decreased concentration and focus, as well as depression, "treatment

notes indicate progressive improvement in symptoms." AR 32. A determination that a claimant's

complaints are "inconsistent with clinical observations" can satisfy the clear and convincing

requirement. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).

As discussed above, however, the ALJ erred in finding the record established such progressive

improvement in plaintiff's symptoms.

> The ALJ also discounted plaintiff's credibility because:

> The claimant's activities of daily living are inconsistent with disability. In
> August 2013, the claimant reported that she had a friend coming from the East
> coast and wanted to fix a room to be more accommodating (Exhibit 11F at
> page 16). The following month, the claimant reported that she completed
> work in her bedroom in preparation for her friend's visit (Exhibit 11F at page
> 14). That same month, the claimant reported she was trying a new program on
> her phone to help with organization (Exhibit 11F at page 11). Furthermore, the
> claimant helps to care for her grandchildren.

AR 33. The Ninth Circuit has recognized "two grounds for using daily activities to form the

basis of an adverse credibility determination." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

First, such activities can "meet the threshold for transferable work skills." *Id.* Thus, a claimant's

credibility may be discounted if he or she "is able to spend a substantial part of his or her day

performing household chores or other activities that are transferable to a work setting." *Smolen*,

80 F.3d at 1284 n.7.

> The claimant, however, need not be "utterly incapacitated" to be eligible for disability

benefits, and "many home activities may not be easily transferable to a work environment." *Id.*

In addition, the Ninth Circuit has "recognized that disability claimants should not be penalized

for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722.

Under the second ground in *Orn*, a claimant's activities of daily living can "contradict his [or

REPORT AND RECOMMENDATION - 7

her] other testimony." 495 F.3d at 639. But as plaintiff points out, the record fails to indicate the frequency or extent to which she actually engaged in the above activities. AR 421, 423, 425. Nor does the record show those activities are transferrable to a work setting or otherwise necessarily contradict plaintiff's other testimony. *Id.* Accordingly, the ALJ did not provide any valid reasons for finding plaintiff to be less than fully credible.

III.    The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642.

With respect to the lay witness evidence in the record, the ALJ found as follows:

The undersigned gives some weight to the January 2014 statements by the claimant's sister Denise McGrath and brother-in-law Mark McGrath for the closed period [of March 1, 2011 through July 31, 2013] at Exhibits 9E and 10E. Both statements indicate problems with focus, concentration and completing tasks. However, as discussed further, the claimant had progressive improvement in symptoms with medication.

The undersigned gives some weight to the statement by the claimant's daughter April Tanis for the closed period. In January 2014, Ms. Tanis noted that [the] claimant had a steady decline in in [sic] mental health over the past three years. She indicated that the claimant had difficulty completing tasks of daily living (Exhibit 12E). The record supports some problems with functioning during [the] closed period. However, the record indicates improvement in symptoms with medication and counseling.

REPORT AND RECOMMENDATION - 8

AR 29. Once more as discussed above though, the ALJ erred in finding plaintiff experienced

medical improvement after the closed period. Thus, while an ALJ may discount lay testimony if

it conflicts with the medical evidence, the undersigned agrees with plaintiff that the record does

not support the ALJ in doing so in this instance. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

2001); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Vincent v. Heckler*, 739 F.2d

1393, 1395 (9th Cir. 1984). Here too, therefore, the ALJ erred.

IV.   <u>The ALJ's Finding That Plaintiff Could Perform Her Past Relevant Work</u>

The ALJ found that as of August 1, 2013, plaintiff had the RFC to perform her past

relevant work, and thus was no longer disabled as of that date. AR 33-34. Plaintiff has the burden

to show she is unable to return to her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-

99 (9th Cir. 1999). Plaintiff has met that burden here, given that the ALJ's finding is based on an

erroneous determination that plaintiff's mental health symptoms and her ability to do basic work

activities improved.

V.   <u>This Matter Should Be Remanded for An Award of Benefits Beyond August 1, 2013</u>

The Court may remand this case "either for additional evidence and findings or to award

benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

REPORT AND RECOMMENDATION - 9

1    *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

2    where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ provided legally insufficient reasons for determining that plaintiff's condition had

improved such that she was capable of performing her past relevant work as of August 1, 2013.

Defendant argues this case should be remanded for further administrative proceedings, but fails

to provide any specific argument as to what purpose remand for such proceedings would serve.

Indeed, given the lack of evidence demonstrating improvement in plaintiff's medical severity

discussed above, there are no outstanding issues needing resolution, and thus it is clear from the

record that plaintiff's disability should have been found to continue.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

improperly concluded plaintiff was no longer disabled as of August 1, 2013. Accordingly, the

undersigned recommends as well that the Court reverse defendant's decision and remand this

matter for an award of benefits continuing beyond July 31, 2013.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

shall have **fourteen (14) days** from service of this Report and Recommendation to file written

objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of

those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating

the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for

REPORT AND RECOMMENDATION - 10

consideration on **March 18, 2016**, as noted in the caption.

DATED this 2nd day of March, 2016.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11